UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA K. DAVIS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:13CV2075 JAR |
| J.P. MORGAN CHASE, N.A., TITLE SOURCE, INC., and CITIBANK, N.A., | ) ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's Motion to Remand ("Motion") (ECF No. 24). This motion is fully briefed and ready for disposition.

## **BACKGROUND**

On or around August 29, 2013, Plaintiff Cynthia Davis ("Davis") filed her Petition against the J.P. Morgan Chase, N.A., Title Source, Inc., and Citibank, N.A. ("Defendants") in the Circuit Court of the St. Louis County, State of Missouri (hereinafter "Complaint" or "Compl."; ECF No. 5). Plaintiff alleges that she and her husband closed on a refinance of a mortgage ("1st DOT") with J.P. Morgan Chase ("Chase") on October 26, 2011. (Compl., ¶20). Plaintiff's home was also subject to a second mortgage in the form of a home equity line of credit ("HELOC") in favor of Defendant Citibank, N.A. ("Citi"), dated on or around March 13, 2007. (Compl., ¶¶9, 22). On or around October 13, 2011, Citi informed Plaintiff that it charged $200 to make the HELOC subordinate to the refinanced 1st DOT. (Compl., ¶¶17, 23).

In her Complaint, Plaintiff alleges claims for "unjust enrichment" (Count I), "deceptive practices: consumer fraud and fair merchandising practices act" (Count II), and fraud (Count III). In Count I, Plaintiff asserts that the HELOC agreement between Plaintiff and Citi does not contain

any provision regarding a charge for a subordination fee. (Compl., ¶24). Plaintiff, therefore, claims that Citi has no right to charge a fee for the subordination of its interest in Plaintiff's property and Citi's charge for subordination of this interest is unlawful. (Compl., ¶¶25, 26). In Count II, Plaintiff claims that Defendants violated the Missouri Merchandise and Practices Act ("MMPA"), §407.020, R.S. Mo., for "attempting to use deception, fraud, misrepresentation, and unfair practices to conceal and omit material facts in connection with their provision of services by a Missouri resident for personal purposes, all of which resulted in pecuniary loss to Plaintiff." (Compl., ¶39). In Count III, Plaintiff alleges the Defendants fraudulently imposed an undisclosed fee to Plaintiff just prior to closing to generate "free income" for "doing what had already been done, or agreed to be done." (Compl., ¶¶41-44).

On October 15, 2013, Defendant J.P. Morgan Chase, N.A., with the consent of the other Defendants, removed the Complaint to this Court based upon federal question jurisdiction. See Notice of Removal, ECF No. 1; 28 U.S.C. §§1331, 1441, 1446. On November 14, 2013, Plaintiff filed her Motion for Remand, requesting that the Court remand this case to state court for lack of federal question jurisdiction. (ECF No. 24).

## STANDARD FOR REMOVAL/MOTION FOR REMAND

"Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand." Manning v. Wal-Mart Stores East, Inc., 304 F.Supp.2d 1146, 1148 (E.D.Mo. 2004) (citing Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997), cert. denied, 522 U.S. 1075, 139 L. Ed. 2d 753, 118 S. Ct. 852 (1998)). The party seeking removal and opposing remand has the burden of establishing jurisdiction. Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, 561 F.3d 904, 912 (8th Cir. 2009).

## DISCUSSION

"Removal based on 'federal-question jurisdiction is governed by the "well-pleaded-complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" Cent. Iowa Power Co-op., 561 F.3d at 912, quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). "Because this well-pleaded complaint rule 'makes the plaintiff the master of the claim[, the plaintiff] may avoid federal jurisdiction by exclusive reliance on state law.'" Id. The Supreme Court, however, has recognized that "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." Cent. Iowa Power Co-op., 561 F.3d at 912, citing Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005). To determine whether a case falls within this category, courts must ask whether "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable, 545 U.S. at 314.

Although Plaintiff's Complaint does not present a federal issue on its face, that is not the end of the Court's inquiry. The Court must determine if Plaintiff's "right to relief necessarily depends on the resolution of a disputed and substantial question of federal law[.]" Cent. Iowa Power Co-op., 561 F.3d at 912, citing Grable, 545 U.S. at 314. "The Supreme Court has identified four aspects of a case or an issue that affect the substantiality of the federal interest in that case or issue: (1) whether the case includes a federal agency, and particularly, whether that agency's compliance with the federal statute is in dispute; (2) whether the federal question is important (i.e., not trivial); (3) whether a decision on the federal question will resolve the case (i.e., the federal question is not merely incidental to the outcome); and (4) whether a decision as to the federal question will control numerous other cases (i.e., the issue is not anomalous or isolated)."

Mikulski v. Centerior Energy Corp., 501 F.3d 555, 570 (6th Cir. 2007), citing Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 700-01 (2006). Several, if not all of these factors are present here.

First, the Court finds that Plaintiff's Complaint requires interpretation of the Truth in Lending Act ("TILA"), 15 U.S.C. §1601, *et seq.*, which is central to the federal government's lending regulation. See Mills v. Home Equity Grp., Inc., 871 F. Supp. 1482, 1485-86 (D.D.C. 1994)("TILA is important consumer protection legislation. Its terms must be complied with meticulously."). In addition, the Court finds that resolution of the federal question is not trivial, particularly given that Plaintiff claims that this allegedly illegal practice is "all too customary." (Memorandum in Support of Plaintiff's Motion to Remand, ECF No. 25, p. 1). And, Plaintiff contends that this fraudulent practice is done in "tens of thousands of transactions." (Id., p. 2).

Finally, and most importantly, violation of federal law (TILA) appears to be "a necessary element of the [Plaintiff's] claim for relief," Grable, 545 U.S. at 312, for the MMPA and fraud claims, and are dispositive of these claims.[1] Plaintiff contends, without citation, that "[t]he fact that Plaintiff can prove her claims, in part, by pointing out that the deliberate misrepresentation is evidenced by conduct that included non-compliance with federal requirements does not turn the state law claims into federal enforcement causes of action." (Plaintiff's Comprehensive Reply Memorandum in Support of her Motion to Remand, ECF No. 40, p. 3). The Court, however, finds that it must determine that Defendants violated TILA in order to prove Plaintiff's state law causes of action. Specifically, Plaintiff alleges that "Defendants' [sic] Chase and Title Source, Inc. owed

---

1 The MMPA prohibits the use of any "unfair practice ... or the concealment ... of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce ... whether committed before, during or after the sale, advertisement or solicitation." Mo.Rev.Stat. § 407.020.1. Similarly, under Missouri law, the elements of fraud are: "(1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) the speaker's intent that the representation should be acted upon by the hearer and in the manner reasonably contemplated, (6) the hearer's ignorance of the falsity of the representation, (7) the hearer's reliance on the representation being true, (8) the hearer's right to rely thereon, (9) and the hearer's consequent and proximate injury." Toghiyany v. AmeriGas Propane, Inc., 309 F.3d 1088, 1092 (8th Cir.2002).

a duty to Plaintiff under TILA to disclose the existence of the subordination fee, and to include that fee when preparing the [Good Faith Estimates], TILA's and HUD-1's." (Compl., ¶37; see also Compl., ¶¶44-45 (describing the imposition of a "hidden fee" as being the cause "an act of common law fraud")). Thus, by her own admission, Plaintiff would have no cause of action under the MMPA or for fraud, absent the existence of this TILA-imposed duty to disclose.

The Court finds that Plaintiff's right to relief "necessarily depends on the resolution of a disputed and substantial question of federal law[.]" Cent. Iowa Power Co-op., 561 F.3d at 912, citing Grable, 545 U.S. at 314. Plaintiff's Motion to Remand is denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand [24] is **DENIED**.

Dated this 18th day of December, 2013.

*John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE